UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 07-CV-07-KKC

JOSEPH SCOTT NIX                                              PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

OFFICER DWAYNE JONES, ET AL.                                 DEFENDANTS


Plaintiff Joseph Scott Nix, who is confined in the Northpoint Training Center ("NTC")

in Burgin, Kentucky,  has filed a *pro se* civil rights complaint asserting claims under 42 U.S.C.

§1983 [Record No. 2].   He has also filed an "Application to Proceed *In Forma Pauperis*"

[Record No. 3].   The Court will address the motion to proceed *in forma pauperis* by separate

Order.

This matter is before the Court for initial screening.   28 U.S.C. §1915A; *McGore v.*

*Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under §1983, a plaintiff must plead and prove two essential

elements.   He must show, first, that he has been deprived of rights secured by the Constitution

or laws of the United States and, second, that the defendants allegedly depriving him of those

rights acted under color of state law.   *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v.*

*City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those

drafted by attorneys.   *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519

(1972).   The allegations in a *pro se* complaint must be taken as true and construed in favor of the

plaintiff.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, 28 U.S.C.

§1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that

the action is (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be

granted.

NAMED DEFENDANTS

Plaintiff named the following defendants:  (1) Officer Dwayne Jones of the Perry

County Detention Center ("PCDC"); (2) Officer Gary Combs of the PCDC; and (3) the PCDC

Jailer, whom the plaintiff does not identify by name.

CLAIMS

Plaintiff alleges that in June of 2006, while he was confined in the PCDC, Defendants

Combs and Jones used excessive force and physically assaulted him in an effort to gain

information about jail contraband.  He alleges that this action violated his Eighth Amendment

right to be free from cruel and unusual punishment and caused him to suffer physical injury.

RELIEF REQUESTED

The plaintiff seeks compensatory and punitive damages.

DISCUSSION

1.  Official Capacity Claims

To the extent that the plaintiff may be asserting his Eighth Amendment claims against the

named defendants in their official capacities, these construed claims must be dismissed under the

Eleventh Amendment of the United States Constitution.  The Eleventh Amendment provides:

2

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any foreign State.

Under the Eleventh Amendment, any suit for damages against state officials sued in their *official* capacities would be not be viable, because it would be the same as a suit against the state itself. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), and *Doe v. Wigginton*, 21 F.3d 733, 737 (6ᵗʰ Cir. 1994) (state officials sued in their official capacities are not considered "persons" under §1983).

"Official capacity suits...generally represent only another way of pleading an action against an entity of which an officer is an agent...[An] official capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099 (1985). State officials, in their official capacities, are not considered "persons" under §1983. *Will v. Michigan Dept. of State Police*, 491 U.S. at 7; *Doe v. Wigginton*, 21 F.3d at 737 (6ᵗʰ Cir. 1994).

The named defendants enjoy absolute immunity from suit in their official capacities, under the Eleventh Amendment. The plaintiff's Eighth Amendment official capacity claims against the named defendants are dismissed with prejudice.

## 2. Individual Capacity Claims

The record reflects that on January 18, 2007, the Court entered a "Deficiency Order" [Record No. 4] in which it advised the plaintiff that he should produce evidence of his stated efforts at administrative exhaustion. The record further reflects that on January 18, 2007, the Clerk of the Court mailed a copy of the "Deficiency Order" to the plaintiff at the Roederer

Correctional Complex ("RCC") in LaGrange, Kentucky, where he was then confined [*see Id.* (Attachment:  Clerk's Notation)].  On February 5, 2007, the plaintiff notified the Court that he had been transferred to the NTC.  The plaintiff has not responded to the "Deficiency Order."

Despite the plaintiff's failure to respond to the "Deficiency Order," it is unclear when or if the plaintiff has fully exhausted all of his claims.  In light of the recent decision by the United States Supreme Court, *Jones v. Bock*, 127 S. Ct. 901 (2007), the defendants, in their individual capacities, will be required to respond to the complaint and develop the record on that issue.

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     The construed Eighth Amendment claims against the named defendants, in their official capacities, are dismissed with prejudice.

(2)     The London Clerk is directed to issue summons for the named defendants:  (1) Officer Dwayne Jones of the Perry County Detention Center; (2) Officer Gary Combs of the Perry County Detention Center; and (3) the Jailer of the Perry County Detention Center, in their individual capacities.

(3)     The London Clerk's Office shall prepare as many copies of the complaint **and** this Memorandum Opinion and Order as there are summonses issued and complete the requisite number of USM Form(s) 285.

(a)     If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a clerk's entry in the docket stating why the Clerk cannot fill out the summons or USM Form 285

or any other documents necessary to effectuate service.

> (b)    The London Clerk's Office shall forward by certified mail the following documents:  (i) the summonses issued; (ii) the requisite number of USM Forms 285; (iii) the requisite number of complaint copies; and (iv) the requisite number of copies of this Opinion and Order,and/or any other documents necessary to effectuate service.

> (c)    The London Clerk's Office shall enter the certified mail receipt into the record, and a notation that the delivery to the USM Office of the complaints, summonses, USM Forms 285, and any other attachments have been effectuated, and the date upon which they were effectuated.

> (d)    The USM Office shall serve a summons, complaint copy, and copy of this Order on the defendants to this action; service to be made by certified mail, return receipt requested, or by personal service.

> (e)    The USM Office shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

(4)    The London Clerk is further directed to serve a copy of this Memorandum Opinion and Order on the Kentucky Department of Corrections, and to note the service in the docket sheet.

(5)    The plaintiff shall keep the Clerk of the Court informed of his current mailing address.  **Failure to notify the Clerk of any address change may result in a dismissal of this case**.

(6)      For every further pleading or other document he wishes to submit for

consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has

been entered by counsel, upon each attorney, a copy of the pleading or other document.  The

plaintiff shall send the original papers to be filed with the Clerk of the Court together with a

certificate stating the date a true and correct copy of the document was mailed to each defendant

or counsel.  **If a District Judge or Magistrate Judge receives any document which has not**

**been filed with the Clerk or which has been filed but fails to include the certificate of**

**service of copies, the document will be disregarded by the Court.**

Dated this 22nd day of February, 2007.

**Signed By:**

*Karen K. Caldwell*   KKC

**United States District Judge**